IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                                       No. CR S-97-0591 JAM GGH P

    vs.

LUCIANO RAMIREZ-SALAZAR,

    Movant.                                          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Movant was convicted of the following offenses: possession of cocaine with intent to distribute (21 U.S.C. § 841(a)(1)) (count I); possession of firearm by an illegal alien (18 U.S.C. § 922(g)(5)) (count III); deported alien found in the United States (8 U.S.C. § 1326(a)[(b)(1)] (count IV), was found to be a career offender and was sentenced in 1999 to 300 months on count I and 120 months on count IV to be served concurrently.  Section 2255 Motion at docket # 154, p. 1; <u>see also</u>, <u>United States v. Ramirez-Salazar</u>, 229 F.3d 1160 *1 (9th Cir. 2000) (unpublished decision on appeal affirming conviction).  Movant was re-sentenced in 2001, pursuant to <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000) to 240 months to be served concurrently with 120 months.  Dkt # 154, at 3; <u>see also</u>, <u>Salazar v. Outlaw</u>, 2012 WL 1345198 * 1 (E.D. Ark. 2012).  Movant was re-

sentenced again in 2010 to 220 months (to be served concurrently with 120 months), pursuant to a stipulation of the parties in light of Amendments 706 and 713 and factors presented in 18 U.S.C. § 3553. <u>Order</u> at dkt # 141; Dkt # 154. By this motion, movant claims he was subjected to a wrongful arrest, false imprisonment and prosecution in 1997; evidence was planted against him to obtain his 1999 conviction; movant has been the victim of unspecified fraud by his appellate counsel and "corruption" of Ninth Circuit judges (who denied his appeal) in 2000. Dkt # 154 at 1-4.

Respondent moves to dismiss the motion, arguing that 1) movant fails to specify any ground for relief or any facts in support of his grounds for relief (Fed. R. Civ. P. 12(b)(6)); 2) the instant motion is a second or successive motion, which must first be certified by the appellate court before movant can proceed in this court (28 U.S.C. § 2255(h)); 3) the motion is barred by the one-year statute of limitations (§ 2255(f)). Motion to Dismiss at dkt # 166 at 2-4.

Because this court does not have jurisdiction of a second or successive § 2255 motion unless the "stringent standard" of § 2255(h) is met, the undersigned must first consider that ground for dismissal. <u>United States v. Washington</u>, 653 F.3d 1057, 1065 (9th Cir. 2011) (finding that petitioner's purported Rule 60(b) motion was "a disguised § 2255 motion" which district court had no jurisdiction to consider absent authorizing certificate from appellate court); <u>see</u> also <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1054 (9th Cir. 2011). To file a second or successive § 2255 motion in this district court, petitioner/movant first needs the permission of the Ninth Circuit Court of Appeals. <u>United States v. Buenrosto</u>, 638 F.3d 720, 723 (9th Cir. 2011).

Section 2255(h) provides:

> A second or successive motion must be certified as provided by section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

2

> evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

> On February 4, 2002, Petitioner filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which raised the following four grounds for relief: 1) his right to a speedy trial act was violated; 2) the amount of drugs attributed to him was erroneous; 3) he had ineffective assistance of counsel; and 4) he was denied a fair trial under the Sixth Amendment. [...]  His Petition was denied on June 18, 2002. [...] The district court and Ninth Circuit subsequently denied his requests for a certificate of appealability.
>
> On January 29, 2004, Petitioner filed a second request for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which raised the following four grounds for relief: 1) he had ineffective assistance of counsel; 2) his rights under the Sixth Amendment's Confrontation Clause were violated; 3) he was entitled to an evidentiary hearing; and 4) he was actually innocent of the drug charge. [...] On April 7, 2005, the Ninth Circuit denied his application for authorization to file a second of successive petition. [...] Petitioner's subsequent request to file a successive petition was also denied on January 25, 2006. [...]

Salazar v. Outlaw, 2012 WL 1345198 * 2.

In addition, the court takes judicial notice[1] and confirms that, by order filed on June 19, 2002, movant's motion pursuant to 28 U.S.C. §2255 was denied;  by order filed on April 28, 2004, movant's § 2255 motion filed January 29, 2004, was dismissed for movant's failure to comply with the proper procedure for second or successive petitions.  By order filed in

---

[1] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

this court on April 8, 2005, the Ninth Circuit denied movant's application to proceed on the successive petition.

Because this motion appears to be a patently unauthorized second or successive § 2255 motion on the face of it, the court will recommend its dismissal as such and cannot reach the other grounds raised by respondent.

Accordingly, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss, filed on February 27, 2012 (docket # 166), be granted on the ground that the § 2255 motion is an unauthorized second or successive § 2255 motion.

2. A certificate of appealability be denied in this action.[2]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 5, 2012

  /s/ Gregory G. Hollows  
UNITED STATES MAGISTRATE JUDGE

GGH:009
rami0591.fr

---

[2] A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the findings and recommendations, movant has not made a substantial showing of the denial of a constitutional right.